**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| H. PROVINO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. COURT OF FEDERAL CLAIMS, et al.<br><br>Defendants. | ) | Civil Action No. 1:26-cv-01917 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Amended Application for Leave to Proceed *in forma pauperis*, ECF No. 4. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Nevada, apparently attempts to sue several defendants, although the named defendants vary in each of the different submissions that he has filed in this case. In any event, it appears that he intends to sue a combination of federal courts, federal judges, U.S. Presidents, other federal officials and agencies, Jeffrey Epstein, and others. The allegations presented are disorganized and largely unintelligible, but Plaintiff seems to believe that he is a

victim of a large-scale "money laundering" conspiracy orchestrated to "fleece" him and defraud him of millions of dollars and to steal his identity.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint falls squarely into this category.

Accordingly, the Complaint and this case are dismissed without prejudice. Plaintiff's First IFP Application, ECF No. 2, and his Motion for Payment, ECF No. 3, are both denied as moot. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026